IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERIKA L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-CV-491-TCK-FHM |
| | ) |
| SPARTAN SCHOOL OF | ) |
| AERONAUTICS and UAW; LOCAL | ) |
| 286, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the Motion for Summary Judgment of Defendant UAW Local 286 ("UAW") (Doc. 53). For the reasons stated herein, said motion is granted.

**I.     Background**

Plaintiff was employed by Defendant Spartan School of Aeronautics ("Spartan") as an instructor from 1999 until March 28, 2003, when she was laid off. On September 18, 2006, Plaintiff, appearing *pro se*, filed a Complaint against Spartan and UAW.[1]  Plaintiff's Complaint alleges "denial of promotion, union lay-off [indefinitely] under full-time contract, retaliation from (2) two reports to EEOC, and money miscalculation." (Compl. ¶ 4.) Plaintiff also maintains that "[i]t appeared [she] was discriminated due to being the only black general education instructor and female (black)." (*Id*. ¶ 5.)[2]  Thereafter, Plaintiff filed a Petition for Damages (Doc. 5) as an

---

[1]  Although the handwritten caption on Plaintiff's Complaint only identifies Spartan as a Defendant, the body of the Complaint – namely, section 3a – lists UAW as a Defendant in this action.

[2]  Plaintiff's Charge of Discrimination, filed with the Equal Employment Opportunity Commission ("EEOC Charge"), further states: "In March 2003, I filed a

1

"additional supplement," wherein she further outlined her damages and stated that she was entitled to $3.8 million from Defendants.

On October 5, 2007, Spartan filed a Motion to Dismiss, arguing that Plaintiff's claims should be dismissed because they were untimely filed and because Plaintiff had not properly exhausted her administrative remedies (Doc. 33). Plaintiff failed to respond to Spartan's Motion to Dismiss, leading this Court to issue an Order pursuant to Northern District of Oklahoma Local Rule 7.2(f), whereby Plaintiff was granted an additional eleven days to respond to the motion (Doc. 34). The Court cautioned Plaintiff that failure to respond would result in Spartan's Motion to Dismiss being deemed confessed. Because Plaintiff did not respond to the Order, the Court deemed Spartan's Motion to Dismiss confessed and dismissed Spartan as a party to the action (Doc. 37).

Thereafter, on May 12, 2008, this case came on for pretrial conference. Plaintiff was not present. At the conference, it became apparent that UAW intended to assert defenses at trial that could potentially be resolved by a pretrial dispositive motion. Accordingly, the court directed UAW to file a dispositive motion on all defenses that could potentially be resolved prior to trial. In compliance with the Court's Order, UAW filed a Motion for Summary Judgment on May 23, 2008, which is currently before the Court. To date, Plaintiff has failed to file any response to UAW's Motion for Summary Judgment, making said motion unopposed.

## II.     Standard Governing Unopposed Dispositive Motions

Even when a dispositive motion is unopposed and the moving party has filed a confession of judgment pursuant to Northern District of Oklahoma Local Rule 7.2(f), the Court remains

---

charge of discrimination because I was being harassed by my supervisors due to my race, Black. After filing the charge, I was denied promotion, and laid-off indefinitely, in retaliation."

obligated to determine if the summary judgment motion is properly "supported" pursuant to Federal Rule of Civil Procedure 56(c). *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See id.*; Fed. R. Civ. P. 56. "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed*, 213 F.3d at 1195. "The court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* However, summary judgment should only be granted if those facts entitle the moving party to judgment as a matter of law. *See id.*

### III. Motion for Summary Judgment

The precise nature of Plaintiff's claim(s) against UAW is unclear, as her Complaint fails to include any specific allegations against UAW. Plaintiff's EEOC Charge, which contains a more coherent explanation of her claims, indicates that her claims of discrimination and retaliation are directed at co-Defendant Spartan; no allegations have been made that UAW discriminated or retaliated against her in any manner. The Court agrees with UAW that Plaintiff's claim against UAW is one for breach of its duty of fair representation in conjunction with Plaintiff's allegation that she was laid-off by Spartan in violation of her "full-time contract." (Compl. ¶ 4.)

The duty of fair representation requires UAW "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Thomas v. Nat. Ass'n of Letter Carriers*, 225 F.3d 1149, 1158 (10th Cir. 2000); *see Young v. United Auto. Workers Labor Employment and Training Corp.*, 95 F.3d 992, 996 (10th Cir. 1996) (stating that a "union breaches its duty of fair representation if its conduct toward a member is 'arbitrary, discriminatory, or in bad faith'") (internal citations omitted).

3

A union's actions are arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." *Young*, 95 F.3d at 997 (internal citations omitted).

Accepting as true all material facts asserted and supported in UAW's summary judgment motion, the Court finds that no genuine issue of material fact exists as to Plaintiff's claim for breach of the duty of fair representation. *See Reed*, 213 F.3d at 1195. Specifically, the evidence submitted by UAW demonstrates that UAW did not pursue a grievance with regard to Plaintiff's lay-off because her layoff was in the midst of a series of layoffs that were made in accordance with seniority and pursuant to the Collective Bargaining Agreement. The evidence further demonstrates that UAW has no record of Plaintiff requesting that such a grievance be filed. These facts do not demonstrate arbitrary, discriminatory, or bad faith conduct on the part of UAW. Accordingly, the Court finds that summary judgment is proper.[3]

---

[3] Although neither Plaintiff's Complaint nor her EEOC Charge make any allegations of discrimination against UAW pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, to the extent such claims were intended by Plaintiff, they would also be subject to summary judgment. Specifically, under Title VII's time limitation requirements, a person claiming to have been discriminated against on the basis of race must file a Charge of Discrimination within 300 days after the last alleged unlawful discriminatory practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1). The filing is a prerequisite to a civil suit under Title VII. *See Boyer v. Cordant Tech. Inc.,* 316 F.3d 1137, 1138 (10th Cir. 2003). In the instant case, Plaintiff's EEOC Charge states that the latest date on which discrimination took place was March 28, 2003 and she did not file her Charge until September 11, 2006, more than three years after the alleged discrimination.

**IV.     Conclusion**

For the reasons outlined herein, the Motion for Summary Judgment filed by Defendant UAW Local 286 (Doc. 53) is GRANTED. A separate Judgement will be entered forthwith.

**ORDERED this 22nd day of JULY 2008.**

*/s/ Terence Kern*

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**